## HANNAH *v.* COVINGTON.

(Division B. Jan. 6, 1930. Suggestion of Error Overruled February 3, 1930.)

[125 So. 418. No. 28281.]

Lowry & Lamb, of Marks, for appellant.

E. C. Black, of Marks, for appellee.

Ethridge, P. J., delivered the opinion of the court.

Dr. A. C. Covington was plaintiff in the court below, and sued A. J. Hannah for medical services rendered James Wright, Frank Carpenter, Clarence Walls, Percy Phipps, and T. Harmond, who were tenants in 1926 upon the plantation owned by J. C. Hannah, son of A. J. Hannah.'' Suit was instituted in a justice of the peace court where no formal pleadings are required.

Dr. Covington testified that in 1925 he approached the appellant, A. J. Hannah, and solicited plantation practice; that the son of A. J. Hannah was on said plantation, and that A. J. Hannah told him ''all right. His son was there; he said go ahead, his boy Jack, was there, and if he called it would be all right, and when he called I did his work for the year 1925, without any hitch and I presented the statement and Jack being here on the job at the time I turned the statement over to Jack. I supposed he was the manager; he gave me the orders and I gave him the statement and he wrote me a check. I don't remember whether I took off any discount; he wrote a check and signed it A. J. Hannah by J. C. Hannah.'' Dr. Covington continued to practice on the plantation through 1926, and testified that he saw A. J. Hannah about paying this account, and that he (A. J. Hannah) told him he could not pay it then, but ''never said he would not pay it.'' He further testified that he went to A. J. Hannah in 1926, and he (A. J. Hannah) said that his son had made so many debts that he could not pay all of them; that he let the account go into 1927 and went to see Mr. A. J. Hannah a dozen or more times in 1927, and that he again said: ''I cannot pay it and you will have to wait. He never said he would not pay it, he said he could not.'' Dr. Covington testified that he told Mr. Hannah in 1927 that he was going to sue if he did not pay; ''he said you will have to sue, I cannot pay it now;'' that he said to Hannah: ''I hate to sue you for two or

'three reasons; you are waiting for the statute of limitation. I have done the work for you, because J. C. got me, I made these trips in good faith and order. I was raised in the same neighborhood with your wife, I said you are old, and I have never sued a man in my life and since you are waiting for the statute of limitation I am going to sue you unless you pay, it is an honest debt, I worked for it. That is the way I make my living. . . . He never said he would absolutely not pay it.''

There was no testimony that there was any agreement covering the services for 1926, but the service was continued under the original contract. It appeared that the son owned the plantation, and that subsequently he sold a portion of it to his father; it further appeared that the son, J. C. Hannah, contracted numerous debts, some of which A. J. Hannah paid. There was no written contract between the parties. A. J. Hannah testified that he did not indorse, but that Dr. Covington came to him and solicited, the practice, and solicited his influence in procuring it, and he told him that he would use his influence with the white men on the plantation, but that he expected his son to control the negroes; and that he never did indorse the contract, and there was no written contract between the parties.

By clause (a) of section 4775, Code of 1906, it is provided:

"An action shall not be brought whereby to charge a defendant or other party—(a) Upon any special promise to answer for the debt or default or miscarriage of another person.''

By clause (d) of the same section it is provided:

"An action shall not be brought whereby to charge a defendant or other party . . . (d) Upon any agreement which is not to be performed within the space of one year from the making thereof.''

It does not appear from the evidence of Dr. Covington that the contract was to be performed in any particular

period of time; he merely solicited the practice upon the plantation, believing that A. J. Hannah was the owner thereof, but it does not show that he said anything to A. J. Hannah to indicate that he considered him the owner of the plantation.

We think the action cannot be maintained on the account sued on, because of the above clauses of the statute. The 1925 account having been paid, and there being no contract in writing, and there being no agreement that the contract was to be performed within one year are fatal to the claim of the plaintiff as against A. J. Hannah. The court below therefore erred in affirming the judgment of the county court, and judgment will be reversed, and the cause remanded, with directions to the circuit court to reverse the judgment of the county court.

Reversed and remanded.